**Electronically Filed
Intermediate Court of Appeals
28958
23-AUG-2013
07:46 AM**

NO. 28958

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

C. BREWER AND COMPANY, LTD.,
Plaintiff-Appellant,
vs.
INDUSTRIAL INDEMNITY COMPANY et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CV. NO. 06-1-0140)

ORDER DENYING DEFENDANT-APPELLEE KEHALANI
HOLDINGS COMPANY, INC.'S MOTION FOR RECONSIDERATION
(By: Nakamura, Chief Judge, and Foley, J., and
Circuit Court Judge Alm, in place of Fujise and
Leonard, JJ., all recused)

On August 14, 2013, Defendant-Appellee Kehalani
Holdings Company, Inc. (Kehalani) filed a motion for
reconsideration of this court's Memorandum Opinion filed on
August 7, 2013. Kehalani requested that this court "reconsider,
modify and/or clarify" our Memorandum Opinion "in such a way that
[our] holding also applies to Third-Party Defendants Tradewind
Insurance Company, Limited ('Tradewind') and Island Insurance
Company, Limited ('Island Insurance')[.]" As explained below,
Kehalani did not perfect an appeal from the judgment entered in
favor of Tradewind and Island Insurance, and this court therefore
lacks jurisdiction over that judgment in this appeal.
Accordingly, we deny Kehalani's motion for reconsideration.

I.

On May 25, 2007, Kehalani filed a First Amended Third-Party Complaint against various parties, including Tradewind and Island Insurance. On December 21, 2007, the Circuit Court for the Fifth Circuit (Circuit Court) entered Final Judgment (First Judgment) pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000) against C. Brewer and Company, Ltd. (C. Brewer), the State of Hawai'i (State), and Kehalani and in favor of numerous insurance companies named by C. Brewer in its Second Amended Complaint. The First Judgment cited various prior orders, stipulations, and dismissal notices that had been filed, including an August 9, 2007, stipulation and order (Stipulation) which, among other things, dismissed Kehalani's First Amended Third-Party Complaint against Tradewind and First Insurance. The First Judgment, however, did not enter judgment in favor of Tradewind or First Insurance.

On January 17, 2008, Kehalani filed a notice of appeal which appealed from the First Judgment and also purported to appeal from the Stipulation. The record on appeal was filed on March 14, 2008.

On July 20, 2008, Kehalani filed in the Circuit Court a "Motion for HRCP Rule 54(b) Certification Regarding [Tradewind] and [Island Insurance]." In its motion, Kehalani stated that the First Judgment had "erroneously omitted granting final judgment in favor of Tradewind and Island [Insurance]." The Circuit Court granted Kehalani's motion, and on July 28, 2008, the Circuit Court filed a Final Judgment (Second Judgment) pursuant to HRCP Rule 54(b) in favor of Tradewind and Island Insurance and against Kehalani. The Circuit Court subsequently granted Kehalani's motion to modify or correct the record to include the Second Judgment, and the Second Judgment was included in the appellate record on November 5, 2008. Kehalani, however, did not file a notice of appeal from the Second Judgment.

2

II.

We conclude, under the circumstances presented, that Kehalani did not perfect an appeal from the Second Judgment. The mere supplementation of the record on appeal to include the Second Judgment, without the filing of a notice of appeal from the Second Judgment, did not serve to confer this court with jurisdiction over the Second Judgment. Kehalani argues in a footnote that the notice of appeal it filed after the First Judgment served to perfect its appeal from the Second Judgment pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(2) (2006).[1] We disagree.

In Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), the Hawai'i Supreme Court held that "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote citing to HRAP Rule 4(a)(2) omitted). Here, the record on appeal regarding C. Brewer's, the State's, and Kehalani's appeal from the First Judgment had been filed before the Circuit Court entered the Second Judgment in favor of Tradewind and Island Insurance. Under Jenkins, the notice of appeal Kehalani filed after the First Judgment did not perfect an appeal from the Second Judgment. Rather, to prefect an appeal from the Second Judgment, Kehalani was required to file a timely notice of appeal from the Second Judgment, which it did not do.

---

[1] HRAP Rule 4(a)(2) provides:

> PREMATURE FILING OF APPEAL. If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.

3

III.

Accordingly, IT IS HEREBY ORDERED that Kehalani's motion for reconsideration is denied.

DATED: Honolulu, Hawai'i, August 23, 2013.


*Craig H. Nakamura*

Chief Judge


*Clement R. Foley*

Associate Judge


Acting Associate Judge

4